ATTORNEY FOR HON.
WILLIAM J. HUGHES, JUDGE

Forrest Bowman, Jr.
Indianapolis, Indiana

ATTORNEY FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS

Adrienne L. Meiring
Indianapolis, Indiana



FILED

May 27 2011, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

In the

# Indiana Supreme Court

No. 29S00-1105-JD-279

IN THE MATTER OF THE HONORABLE
WILLIAM J. HUGHES, JUDGE
OF THE HAMILTON SUPERIOR COURT

JUDICIAL DISCIPLINARY ACTION

**May 27, 2011**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against Respondent William J. Hughes, Judge of the Hamilton Superior Court. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the filing of formal charges by the Commission, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" in which they have stipulated to the following facts. On October 27, 2010, Respondent was pulled over by a Currituck County, North Carolina sheriff's deputy for a moving violation. During the traffic stop, the deputy noticed the odor of alcohol on Respondent's breath and person. At the deputy's request, Respondent performed three field sobriety tests. He passed two and failed one.

Thereafter, Respondent submitted to a certified breath test, which showed Respondent as having an alcohol concentration equivalent of .13 gram of alcohol per 210 liters of breath. The legal limit in North Carolina is .08 gram of alcohol per 210 liters of breath. *See* N.C. Gen. Stat. Ann. § 20-138.1(a)(2) (West 2009).

Respondent was subsequently arrested and charged with Driving While Impaired, id. § 20-138.1, a Class 1 misdemeanor, *see* N.C. Gen. Stat. Ann. § 14-3(a) (West 2009), and Driving Left of Center, N.C. Gen. Stat. Ann. § 20-146 (West 2009), an infraction. At no time during the traffic stop or arrest did Respondent refer to his judicial title or allude to his judicial status.

The day after his arrest, Respondent reported his arrest to the Indiana Commission on Judicial Qualifications.

On April 18, 2011, the Currituck County deputy prosecutor dismissed Respondent's Driving While Impaired charge and filed in its place a charge of Reckless Driving, a Class 2 misdemeanor, N.C. Gen. Stat. Ann. § 20-140(d) (West 2009), to which Respondent pled guilty. The district court sentenced Respondent to 30 days in jail, all of which was suspended, and placed him on unsupervised probation for twelve months conditional upon Respondent: (a) enrolling in and completing an alcohol and drug assessment program within 180 days or attending at least ten hours of substance abuse counseling; and (b) not operating a vehicle within eight hours of consuming any alcohol. Respondent was also ordered to pay $443 in fines and costs. At no time during the criminal proceedings did Respondent attempt in any way to gain an advantage because he is a judge; rather, the criminal proceedings were handled in the customary fashion for the jurisdiction.

The Commission asserts that the conduct recited above violates Rule 1.1[1] and 1.2[2] of the Code of Judicial Conduct. We agree with the Commission. The parties agree that Respondent

---

[1] Rule 1.1 states, "A judge shall comply with the law, including the Code of Judicial Conduct." Ind. Judicial Conduct Rule 1.1 (West 2010) (definitional asterisk removed).

[2] Rule 1.2 states, "A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Jud. Cond. R. 1.2 (definitional asterisks removed).

cooperated with the Commission during its investigation and prosecution of this judicial disciplinary matter and that the appropriate sanction for Respondent's misconduct is a public reprimand. We agree with the parties.

Accordingly, William J. Hughes, Judge in the Hamilton Superior Court, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding, if any, are assessed against Respondent. Pursuant to Indiana Admission and Discipline Rule 25(VIII)(B)(3), the Clerk is directed to file the parties' "Statement of Circumstances and Conditional Agreement for Discipline" and include it in the Court's records of this matter.

SHEPARD, C.J., and DICKSON, SULLIVAN, RUCKER, and DAVID, JJ., concur.